#0506702

**ORIGINAL**

FILED

MAR 1 8 2003

U.S. COURT OF
FEDERAL CLAIMS

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

0-0-0-0-0-0-0-0-0-0-0-0-0-0-0-0-0-0-0-0-0-0-0-0

(1) CHEYENNE RIVER SIOUX TRIBE;

(2) CHEYENNE RIVER HOUSING
AUTHORITY;

No. **03 - 600L**

(3) TERRY DUCHENEAUX, ROBERT
DUCHENEAUX, NELLIE HOLLENBECK,
AND EDWINA MOWRER;

(4) ERNEST DUCHENEAUX;

(5) ARLYN LAWRENCE AND THE
CHEYENNE RIVER SIOUX TRIBE;

(6) WILLIAM GILBERT, FRANCES JEWETT,
AND THE CHEYENNE RIVER SIOUX
TRIBE;

(7) GREGG MOWRER, EDWINA MOWRER,
EARL BIEBER, JANET BIEBER, CONNIE
EDELMAN, MONICA HAMPSON, LAVINA
PHILLIPS, PRESTON PHILLIPS, ESTATE OF
MELVIN JEWETT, ROSALYN ARPAN, LEE
BORDEAUX, KIMBERLY FIDDLER, BILLIE
GARREAU, CONSTANCE GARREAU, LORI
GARREAU, DELORES HIGH PINE, AMY
LEE, ESTATE OF BRYAN LEE, FRANCIS
LEE, IONE LEE, RONALD LEE, SHARON
LEE, STEVEN LEE, TONI LEE, TRACY LEE,
VELMA LEE, LUCILLE FRENIER, AND
THE CHEYENNE RIVER SIOUX TRIBE;

**COMPLAINT**

(8) GLORIA SMITH AND SHARON SMITH;

(9) CLIFFORD MARSHALL, JR., PATRICIA
MARSHALL, GLORIA SMITH, SHARON
SMITH, KHE'SAPA WIN APPLE, GREGG
MOWRER, ESTATE OF GILBERT
SHOULDER, DARLENE TAKES THE KNIFE,
GERTRUDE TRAVERSIE, ESTATE OF PAUL
TRAVERSIE, RICHARD TRAVERSIE, JR.,
VIRGINIA TRAVERSIE, MAVIS HANDBOY,
HERBERT LAVAUX, MONA LONGBRAKE,
MOSES TRAVERSIE, ESTATE OF CHARLES

- 1 -

FIDDLER, ESTATE OF EMERY FIDDLER,
ESTATE OF JOSEPH FIDDLER, ESTATE
OF LEONARD FIDDLER, DELWIN
FIDDLER, AND THE CHEYENNE RIVER
SIOUX TRIBE;

(10) ROBERT SMITH, VIVIAN SMITH,
FARRELL SMITH, THOMAS SMITH,
ESTATE OF ALICE CHASING HAWK,
BERNICE CHASING HAWK, JERRY
CHASING HAWK, LYLE CHASING
HAWK, EVETTE CHASING HAWK,
EVONNE CHASING HAWK, FABIAN
CHASING HAWK, PAULETTE CHASING
HAWK, JOSEPH OAKIE, ESTATE OF
CHARLES FIDDLER, ESTATE OF EMERY
FIDDLER, ESTATE OF JOSEPH FIDDLER,
ESTATE OF LEONARD FIDDLER,
DELWIN FIDDLER, FRANCIS
TRAVERSIE, AND THE CHEYENNE
RIVER SIOUX TRIBE;

(11) FRANCIS TRAVERSIE;

(12) LESLIE LOGG, ADRIAN LOGG,
JOSHUA LOGG, JR., LAVERN LOGG,
VIRGINA LOGG, KATY MARSHALL
TYNAN, AND THE CHEYENNE RIVER
SIOUX TRIBE;

(13) CLARENCE LAWRENCE,
CHARLOTTE LAWRENCE, LESLIE LOGG,
ADRIAN LOGG, JOSHUA LOGG, JR.,
LAVERN LOGG, VIRGINIA LOGG, KATY
MARSHALL TYNAN, BILLY
COMBELLICK, DEL GRAVES, FRANK TIN
CUP, WILLIAM TIN CUP, DONALD
WHITE DOG, BERNICE CHASING HAWK,
WENDY FISCHER, ANTOINE
RENCOUNTRE, ESTATE OF MAYNARD
WHITE EAGLE, DARON WHITE EAGLE,
KENNETH WHITE EAGLE, SAMUEL
WHITE EAGLE, AND THE CHEYENNE
RIVER SIOUX TRIBE;

(14) DICK ANDERSON, MARY JANE
ANDERSON, LYLE ANDERSON, AND
RITA BIRKELAND;

(15) MARTY LAWRENCE AND MONICA
LAWRENCE;

(16) ROBERT LAWRENCE, JR. AND
ALMEDA LAWRENCE;

(17) COMMUNITY OF WHITE HORSE
AND THE CHEYENNE RIVER SIOUX
TRIBE

(18) ROBERT LAWRENCE, JR., JULIUS
COOK, CAMILLE ROUSSEAU, CYRIL
ROUSSEAU, GILBERT TRAVERSIE,
TERENCE TRAVERSIE, HILDA JEWETT,
ESTATE OF AMELDA SCHREINER, AND
THE CHEYENNE RIVER SIOUX TRIBE;

(19) JULES LAMB AND MARNE LAMB;

(20) DELBERT LAMB, JULES LAMB,
MARNE LAMB, RAMONA WILLIAMS,
AND THE CHEYENNE RIVER SIOUX
TRIBE;

Plaintiffs,

vs.

THE UNITED STATES OF AMERICA,

Defendant.

0-0-0-0-0-0-0-0-0-0-0-0-0-0-0-0-0-0-0-0-0-0

Come now the Plaintiffs, and for their claims against Defendant, the United States of America, state:

1

The Plaintiffs are as follows:

(1)     CHEYENNE RIVER SIOUX TRIBE

a.      The Cheyenne River Sioux Tribe is successor in interest to four historic bands of the

Teton branch of Great Sioux Nation, the Itazipco, Mnicoujou, Oohenumpa, and Siha Sapa.

1868 Fort Laramie Treaty, II Kapper Indian Affairs (Treaties) p. 998, 15 Stat. 635 (1868).

The Cheyenne River Sioux Tribe is an unincorporated, federally recognized Indian tribe,

having accepted the provisions of the Act of June 18, 1934, 48 Stat. 984 (1934), codified as

carried forward as 25 U.S.C. § 461, et seq.

b.      The Cheyenne River Sioux Reservation is located in what is now central South

Dakota.  It is the aboriginal territory of the Great Sioux Nation which the Great Sioux Nation

reserved unto itself.  The United States recognized this reservation of land and rights in the

1868 Fort Laramie Treaty between the Great Sioux Nation and the United States.  The

boundaries of the Cheyenne River Sioux Reservation are set forth in Section 4 of the Act of

March 2, 1889, 25 Stat. 888 (1889), and include the Moreau River and the Moreau River

Arm of Lake Oahe.  The Cheyenne River Sioux Tribe owns land held in trust by the United

States Government along the Moreau River on the Cheyenne River Sioux Reservation.

c.      The jurisdiction of the of the Cheyenne River Sioux Tribe extends to territory

described in the 1868 Treaty, the Act of March 2, 1889, and the lands outside the external

boundaries of the reservation held in trust or restricted trust status by the United States for the

Tribe and its members.  Cheyenne River Sioux Constitution, Act. I (Territory), approved by

Secretary of Interior, December 27, 1935.

(2)     CHEYENNE RIVER HOUSING AUTHORITY

The Cheyenne River Housing Authority ("CRHA") is a Cheyenne River Sioux Tribe governmental corporation organized pursuant to Tribal Ordinance 28 and authorized to provide low-income housing to Native Americans residing within the exterior boundaries of the Cheyenne River Sioux Indian Reservation.  The CHRA maintains, constructs, and operates housing constructed with federal funds distributed to the CRHA under the 1937 Housing Act and the Native American Housing Assistance and Self-Determination Act of 1996 (NAHASDA), *25 U.S.C. §4101 et. seq.*

CRHA is the owner/lessor of a number of houses located along the Moreau River on the Cheyenne River Sioux Reservation in Dewey County, South Dakota.

(3)     COMMUNITY OF WHITE HORSE

The Community of White Horse is an unorganized community located along the Moreau River on the Cheyenne River Sioux Reservation in Dewey County, South Dakota. Residents of the community consist primarily of Cheyenne River Sioux Tribal members. The Cheyenne River Sioux Tribe authorized the establishment of the Community of White Horse on Tribal land, including the installation of infrastructural improvements necessary to sustain the community, particularly a sewage containment and treatment facility.

(4)     INDIVIDUAL PLAINTIFFS

All other Plaintiffs are individuals who have an ownership interest in lands along the Moreau River on the Cheyenne River Sioux Reservation, Dewey County, South Dakota, either in the form of (1) a leasehold interest, (2) fee simple ownership, or (3) beneficial ownership held in trust by the United States Government.

2

The United States Court of Federal Claims has jurisdiction to adjudicate the Plaintiffs' claims against the Defendant pursuant to the provisions of 28 U.S.C.A. § 1491 (the Tucker Act) and 28 U.S.C.A. § 1505 (the Indian Tucker Act).

3

The Plaintiffs assert their claims against the Defendant under the Fifth Amendment of the Constitution of the United States of America.

4

The Plaintiffs join their several claims pursuant to R.C.F.C. Rule No. 20 because the claims arise out of the same transactions, occurrences, or series of transactions, and because questions of law and fact which are common to each claim will arise in this action.

5

For many years the Plaintiffs and their predecessors in interest have owned, leased, ranched and farmed certain lands located in South Dakota along the Moreau River upstream from its confluence with the Missouri River.  Pursuant to the Pick-Sloan Plan, the U.S. Army Corps of Engineers began construction of a series of dams on the Missouri River, including the Oahe Dam above Pierre, South Dakota, downstream from Plaintiffs.  As the dams, particularly the Oahe Dam, were completed and the reservoirs were filled by the Defendant, the rates and levels of flow of the Missouri River were altered, causing a delta to be formed at the confluence of the Moreau River and the Missouri River from silt and sediment deposited by the Moreau River.  The Missouri River no longer washes away the silt and sediment as naturally and historically occurred before the Oahe Dam was constructed.

6

The delta has changed and retarded the flow of water from the Moreau River channel into the Missouri River, and has caused a constriction in the Moreau River channel, both below and adjacent to Plaintiffs' lands which in turn has caused: (1) flooding of Plaintiffs' lands during the annual spring flow of ice and water; (2) flooding of Plaintiffs' lands during periods of otherwise normal rainfall; and (3) with regard to the Mowrer, Terry Ducheneaux, William Gilbert and Arlyn Lawrence units, Plaintiffs Numbers (7), (3), (6) and (5) above, respectively, flooding their lands from back water effect, in addition to flooding during spring flow and normal rainfall as described above.  The resultant flooding is unnatural flooding, which has caused sedimentation and damage to Plaintiffs' lands.

7

As a consequence of the unnatural flooding, sedimentation, and damage to Plaintiffs' lands, Plaintiffs have been unable to use the land as they and their predecessors had customarily used the lands, and Plaintiffs' lands have been permanently taken without compensation and without due process of law under the Fifth Amendment of the Constitution of the United States of America.

8

As a further consequence of the taking, other lands owned and used by Plaintiffs can no longer be used as they were customarily used before the taking, and the value of those lands has diminished, for which Plaintiffs are entitled to severance damages.

9

The date of taking for each Plaintiff occurred on or about April 1, 1997.

Plaintiff #1
## CLAIM OF THE CHEYENNE RIVER SIOUX TRIBE

Comes now the Plaintiff Cheyenne River Sioux Tribe, and for its cause of action against the Defendant states:

10

Plaintiff incorporates Paragraphs 1 through 9, inclusive, as if fully stated.

11

At all times pertinent, Plaintiff had an undivided ownership interest in lands over which a flowage easement has not been previously conveyed, but over which a flowage easement has now been taken without compensation. The Plaintiff's impacted lands are legally described on Exhibit 1, attached to and incorporated in this Complaint by reference, and located in a tract of land commonly referred to as Range Unit No. 299 on the Cheyenne River Sioux Indian Reservation, Dewey County, South Dakota. The number of acres over which a flowage easement has been taken without compensation will be proven at trial.

12

As a proximate result of the taking of the flowage easement over Plaintiffs' lands, Plaintiff has been damaged in excess of $337,500.00, the actual amount of damages to be proven at trial. The identity of the specific land over which the flowage easement has been taken will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against the Defendant for the actual amount proven at trial in excess of $337,500.00, with interest as allowed by law, its costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

Plaintiff #2
## CLAIM OF THE CHEYENNE RIVER HOUSING AUTHORITY

Comes now the Plaintiff Cheyenne River Housing Authority and for its cause of action against the Defendant states:

13

Plaintiff #2 incorporates Paragraphs 1 through 9, inclusive, as if fully stated.

14

At all times pertinent, Plaintiff had an ownership interest in lands and housing units over which a flowage easement has not been previously conveyed, but over which a flowage easement has now been taken without compensation. The Plaintiff's impacted lands are legally described on Exhibit 2, attached to and incorporated in this Complaint by reference and located on the Cheyenne River Sioux Indian Reservation, Dewey County, South Dakota. The number of acres over which a flowage easement has been taken without compensation will be proven at trial.

15

As a proximate result of the taking of the flowage easement over Plaintiff's lands, Plaintiff has been damaged in excess of $2,032,400.00, the actual amount of damages to be proven at trial. The identity of the specific land over which the flowage easement has been taken will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against the Defendant for the actual amount proven at trial in excess of $2,032,400.00, with interest as allowed by law, its costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

Plaintiff Group #3
CLAIM OF TERRY DUCHENEAUX, ROBERT DUCHENEAUX,
NELLIE HOLLENBECK, AND EDWINA MOWRER

Come now the Plaintiffs Terry Ducheneaux, Robert Ducheneaux, Nellie Hollenbeck, and Edwina Mowrer, collectively identified as Plaintiff Group #3, and for their cause of action against the Defendant state:

16

Plaintiff Group #3 incorporates Paragraphs 1 through 9, inclusive, as if fully stated.

17

At all times pertinent, Plaintiff Terry Ducheneaux had an ownership interest in certain lands and a leasehold interest in other lands, and Plaintiff Robert Ducheneaux had a leasehold interest in certain lands, over which a flowage easement has not been previously conveyed, but over which a flowage easement has now been taken without compensation. The remaining Plaintiffs in Group #3 own undivided interests in certain lands over which a flowage easement has not previously been conveyed, but over which a flowage easement has now been taken without compensation. All of these impacted lands are located in a tract of land commonly referred to as Range Unit No. 151, on the Cheyenne River Sioux Indian Reservation, Dewey County, South Dakota. All of the land impacted is legally described on Exhibit 3 attached to and incorporated in this Complaint by reference.

18

As a proximate result of the taking of the flowage easement over their lands, Plaintiff Group #3 has been damaged in excess of $337,700.00, the actual amount of damages to be proven at trial. The identity of the specific land over which the flowage easement has been taken will be proven at trial.

WHEREFORE, Plaintiff Group #3 prays for judgment against the Defendant for the actual amount proven at trial in excess of $337,700.00, with interest as allowed by law, their costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

Plaintiff #4

CLAIM OF ERNEST DUCHENEAUX

Comes now the Plaintiff Ernest Ducheneaux, identified as Plaintiff #4, and for his cause of action against the Defendant states:

19

Plaintiff #4 incorporates Paragraphs 1 through 9, inclusive, as if fully stated.

20

At all times pertinent, Plaintiff #4 owned an undivided interest in certain lands over which a flowage easement has not been previously conveyed, but over which a flowage easement has now been taken without compensation. All of these impacted lands are legally described on Exhibit 4 attached to and incorporated in this Complaint by reference and are located on the Cheyenne River Sioux Indian Reservation, Dewey County, South Dakota.

21

As a proximate result of the taking of the flowage easement over his land, Plaintiff #4 has been damaged in excess of $129,600.00, the actual amount of damages to be proven at trial. The identity of the specific land over which the flowage easement has been taken will be proven at trial.

WHEREFORE, Plaintiff #4 prays for judgment against the Defendant for the actual amount proven at trial in excess of $129,600.00, with interest as allowed by law, his costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

<u>Plaintiff Group #5</u>
CLAIM OF ARLYN LAWRENCE AND THE CHEYENNE RIVER SIOUX TRIBE

Come now the Plaintiffs Arlyn Lawrence and the Cheyenne River Sioux Tribe, collectively identified as Plaintiff Group #5, and for their cause of action against the Defendant state:

22

Plaintiff Group #5 incorporates Paragraphs 1 through 9, inclusive, as if fully stated.

23

At all times pertinent, Plaintiff Arlyn Lawrence had an undivided ownership interest in certain lands and a leasehold interest in other lands over which a flowage easement has not been previously conveyed, but over which a flowage easement has now been taken without compensation.  Plaintiff Cheyenne River Sioux Tribe owns an undivided interest in certain lands over which a flowage easement has not previously been conveyed, but over which a flowage easement has now been taken without compensation.  All of these impacted lands are located in a tract of land commonly referred to as Range Unit No. 264, on the Cheyenne River Sioux Indian Reservation, Dewey County, South Dakota.  All of the land impacted is legally described on Exhibit 5 attached to and incorporated in this Complaint by reference.

24

As a proximate result of the taking of the flowage easement over their lands, Plaintiff Group #5 has been damaged in excess of $100,920.00, the actual amount of damages to be proven at trial.  The identity of the specific land over which the flowage easement has been taken will be proven at trial.

WHEREFORE, Plaintiff Group #5 prays for judgment against the Defendant for the actual amount proven at trial in excess of $100,920.00, with interest as allowed by law, its costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

Plaintiff Group #6

CLAIM OF WILLAM GILBERT, FRANCES JEWETT,
AND THE CHEYENNE RIVER SIOUX TRIBE

Come now the Plaintiffs William Gilbert, Frances Jewett and the Cheyenne River Sioux Tribe, collectively identified as Plaintiff Group #6, and for their cause of action against the Defendant state:

25

Plaintiff Group #6 incorporates Paragraphs 1 through 9, inclusive, as if fully stated.

26

At all times pertinent, Plaintiff William Gilbert had an undivided ownership interest in certain lands and a leasehold interest in other lands over which a flowage easement has not been previously conveyed, but over which a flowage easement has now been taken without compensation. Plaintiffs Frances Jewett and Cheyenne River Sioux Tribe own undivided interests in certain lands over which a flowage easement has not previously been conveyed, but over which a flowage easement has now been taken without compensation. All of these impacted lands are located in two tracts of land commonly referred to as Range Units No. 234 and 417, on the Cheyenne River Sioux Indian Reservation, Dewey County, South Dakota. All of the land impacted is legally described on Exhibit 6 attached to and incorporated in this Complaint by reference.

27

As a proximate result of the taking of the flowage easement over their lands, Plaintiff Group #6 has been damaged in excess of $99,360.00, the actual amount of damages to be proven at trial. The identity of the specific land over which the flowage easement has been taken will be proven at trial.

WHEREFORE, Plaintiff Group #6 prays for judgment against the Defendant for the actual amount proven at trial in excess of $99,360.00, with interest as allowed by law, its costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

<u>Plaintiff Group #7</u>
CLAIM OF GREGG MOWRER, EDWINA MOWRER,
EARL BIEBER, JANET BIEBER, CONNIE EDELMAN, MONICA HAMPSON, LAVINA PHILLIPS, PRESTON PHILLIPS, ESTATE OF MELVIN JEWETT, ROSALYN ARPAN, LEE BORDEAUX, KIMBERLY FIDDLER, BILLIE GARREAU, CONSTANCE GARREAU, LORI GARREAU, DELORES HIGH PINE, AMY LEE, ESTATE OF BRYAN LEE, DONALD LEE, FRANCIS LEE, IONE LEE, RONALD LEE, SHARON LEE, STEVEN LEE, TONI LEE, TRACY LEE, VELMA LEE, LUCILLE FRENIER, AND THE CHEYENNE RIVER SIOUX TRIBE

Come now the Plaintiffs Gregg Mowrer, Edwina Mowrer, Earl Bieber, Janet Bieber, Connie Edelman, Monica Hampson, Lavina Phillips, Preston Phillips, Estate of Melvin Jewett, Rosalyn Arpan, Lee Bordeaux, Kimberly Fiddler, Billie Garreau, Constance Garreau, Lori Garreau, Delores High Pine, Amy Lee, Estate of Bryan Lee, Francis Lee, Ione Lee, Ronald Lee, Sharon Lee, Steven Lee, Toni Lee, Tracy Lee, Velma Lee, Lucille Frenier, and the Cheyenne River Sioux Tribe, collectively identified as Plaintiff Group #7, and for their cause of action against the Defendant state:

28

Plaintiff Group #7 incorporates Paragraphs 1 through 9, inclusive, as if fully stated.

29

At all times pertinent, Plaintiffs Gregg Mowrer and Edwina Mowrer had an ownership interest in certain lands and a leasehold interest in other lands over which a flowage easement has not previously been conveyed, but over which a flowage easement has now been taken without compensation. The remaining Plaintiffs in Group #7 own undivided interests in certain lands over which a flowage easement has not previously been conveyed, but over which a flowage easement has now been taken without compensation. All of these impacted lands are located in two tracts of land commonly referred to as Range Units No. 346 and 395, on the Cheyenne River Sioux Indian Reservation, Dewey County, South Dakota. All of the land impacted is legally described on Exhibit 7 attached to and incorporated in this Complaint by reference.

30

As a proximate result of the taking of the flowage easement over their lands, Plaintiff Group #7 has been damaged in excess of $910,080.00, the actual amount of damages to be proven at trial. The identity of the specific land over which the flowage easement has been taken will be proven at trial.

WHEREFORE, Plaintiff Group #7 prays for judgment against the Defendant for the actual amount proven at trial in excess of $910,080.00, with interest as allowed by law, their costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

### Plaintiff Group #8
### CLAIM OF GLORIA SMITH AND SHARON SMITH

Come now the Plaintiffs, Gloria Smith and Sharon Smith, collectively identified as Plaintiff Group #8, and for their cause of action against the Defendant state:

- 15 -

31

Plaintiffs incorporate Paragraphs 1 through 9, inclusive, as if fully stated.

32

At all times pertinent, the Plaintiffs had undivided ownership interests in certain lands over which a flowage easement has not been previously conveyed, but over which a flowage easement has now been taken without compensation. The land impacted is legally described on Exhibit 8 attached to and incorporated in this Complaint by reference. The number of acres over which a flowage easement has been taken will be proven at trial.

33

As a proximate result of the taking of a flowage easement over their lands, Plaintiffs have been damaged in excess of $196,000.00, the actual amount of damages to be proven at trial. The identity of the specific land over which the flowage easement has been taken will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against the Defendant for the actual amount proven at trial in excess of $196,000.00, with interest as allowed by law, their costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

Plaintiff Group #9
CLAIM OF CLIFFORD MARSHALL, JR., PATRICIA MARSHALL,
GLORIA SMITH, SHARON SMITH, KHE'SAPA WIN APPLE, GREGG MOWRER,
ESTATE OF GILBERT SHOULDER, DARLENE TAKES THE KNIFE, EDWARD
TRAVERSIE, GERTRUDE TRAVERSIE, ESTATE OF PAUL TRAVERSIE, RICHARD
TRAVERSIE, JR., VIRGINIA TRAVERSIE, MAVIS HANDBOY, HERBERT LAVAUX,
MONA LONGBRAKE, MOSES TRAVERSIE, ESTATE OF CHARLES FIDDLER,
ESTATE OF EMERY FIDDLER, ESTATE OF JOSEPH FIDDLER,
ESTATE OF LEONARD FIDDLER, DELWIN FIDDLER,
AND THE CHEYENNE RIVER SIOUX TRIBE

Come now the Plaintiffs Clifford Marshall, Jr., Patricia Marshall, Gloria Smith, Sharon Smith, Khe'Sapa Win Apple, Gregg Mowrer, Estate of Gilbert Shoulder, Darlene

Takes the Knife, Gertrude Traversie, Estate of Paul Traversie, Richard Traversie, Jr.,

Virginia Traversie, Mavis Handboy, Herbert Lavaux, Mona Longbrake, Moses Traversie,

Estate of Charles Fiddler, Estate of Emery Fiddler, Estate of Joseph Fiddler, Estate of

Leonard Fiddler, Delwin Fiddler, and the Cheyenne River Sioux Tribe, collectively identified

as Plaintiff Group #9, and for their cause of action against the Defendant state:

34

Plaintiff Group #9 incorporates Paragraphs 1 through 9, inclusive, as if fully stated.

35

At all times pertinent, Plaintiffs Clifford Marshall, Jr. and Patricia Marshall had a

leasehold interest in certain lands over which a flowage easement has not previously been

conveyed, but over which a flowage easement has now been taken without compensation.

The remaining Plaintiffs in Group #9 own undivided interests in certain lands over which a

flowage easement has not previously been conveyed, but over which a flowage easement has

now been taken without compensation.  All of these impacted lands are located in a tract of

land commonly referred to as Range Unit No. 193 on the Cheyenne River Sioux Indian

Reservation, Dewey County, South Dakota.  All of the land impacted is legally described on

Exhibit 9 attached to and incorporated in this Complaint by reference.

36

As a proximate result of the taking of the flowage easement over their lands, Plaintiff

Group #9 has been damaged in excess of $493,760.00, the actual amount of damages to be

proven at trial.  The identity of the specific land over which the flowage easement has been

taken will be proven at trial.

WHEREFORE, Plaintiff Group #9 prays for judgment against the Defendant for the actual amount proven at trial in excess of $493,760.00, with interest as allowed by law, their costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

Plaintiff Group #10
CLAIM OF ROBERT SMITH, VIVIAN SMITH, FARRELL SMITH, THOMAS SMITH, ESTATE OF ALICE CHASING HAWK, BERNICE CHASING HAWK, JERRY CHASING HAWK, LYLE CHASING HAWK, EVETTE CHASING HAWK, EVONNE CHASING HAWK, FABIAN CHASING HAWK, PAULETTE CHASING HAWK, JOSEPH OAKIE, ESTATE OF CHARLES FIDDLER, ESTATE OF EMERY FIDDLER, ESTATE OF JOSEPH FIDDLER, ESTATE OF LEONARD FIDDLER, DELWIN FIDDLER, FRANCIS TRAVERSIE, AND THE CHEYENNE RIVER SIOUX TRIBE

Come now the Plaintiffs Robert Smith, Vivian Smith, Farrell Smith, Thomas Smith, Estate of Alice Chasing Hawk, Bernice Chasing Hawk, Jerry Chasing Hawk, Lyle Chasing Hawk, Evette Chasing Hawk, Evonne Chasing Hawk, Fabian Chasing Hawk, Paulette Chasing Hawk, Joseph Oakie, Estate of Charles Fiddler, Estate of Emery Fiddler, Estate of Joseph Fiddler, Estate of Leonard Fiddler, Delwin Fiddler, Francis Traversie, and the Cheyenne River Sioux Tribe, collectively identified as Plaintiff Group #10, and for their cause of action against the Defendant state:

37

Plaintiff Group #10 incorporates Paragraphs 1 through 9, inclusive, as if fully stated.

38

At all times pertinent, Plaintiffs Robert Smith, Vivian Smith, Farrell Smith, and Thomas Smith had a leasehold interest in certain lands over which a flowage easement has not previously been conveyed, but over which a flowage easement has now been taken without compensation. The remaining Plaintiffs in Group #10 own undivided interests in certain lands over which a flowage easement has not previously been conveyed, but over which a flowage easement has now been taken without compensation. All of these impacted

lands are located in a tract of land commonly referred to as Range Unit No. 200 on the

Cheyenne River Sioux Indian Reservation, Dewey County, South Dakota. All of the land

impacted is legally described on Exhibit 10 attached to and incorporated in this Complaint by

reference.

39

As a proximate result of the taking of the flowage easement over their lands, Plaintiff

Group #10 has been damaged in excess of $426,800.00, the actual amount of damages to be

proven at trial. The identity of the specific land over which the flowage easement has been

taken will be proven at trial.

WHEREFORE, Plaintiff Group #10 prays for judgment against the Defendant for the

actual amount proven at trial in excess of $426,800.00, with interest as allowed by law, their

costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

Plaintiff #11
CLAIM OF FRANCIS TRAVERSIE

Comes now the Plaintiff Francis Traversie, identified as Plaintiff #11, and for his

cause of action against the Defendant states:

40

Plaintiff #11 incorporates Paragraphs 1 through 9, inclusive, as if fully stated.

41

At all times pertinent, Plaintiff #11 owned an undivided interest in certain lands, and

a leasehold interest in other lands, over which a flowage easement has not been previously

conveyed, but over which a flowage easement has now been taken without compensation.

All of these impacted lands are located in a tract of land commonly referred to as Range Unit

No. 239, on the Cheyenne River Sioux Indian Reservation, Dewey County, South Dakota.

All of the land impacted is legally described on Exhibit 11 attached to and incorporated in this Complaint by reference.

42

As a proximate result of the taking of the flowage easement over his lands, Plaintiff #11 has been damaged in excess of $156,600.00, the actual amount of damages to be proven at trial.  The identity of the specific land over which the flowage easement has been taken will be proven at trial.

WHEREFORE, Plaintiff #11 prays for judgment against the Defendant for the actual amount proven at trial in excess of $156,600.00, with interest as allowed by law, his costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

Plaintiff Group #12<br>
CLAIM OF LESLIE LOGG, ADRIAN LOGG, JOSHUA LOGG, JR.,<br>
LAVERN LOGG, VIRGINA LOGG, KATY MARSHALL TYNAN,<br>
AND THE CHEYENNE RIVER SIOUX TRIBE

Come now the Plaintiffs Leslie Logg, Adrian Logg, Joshua Logg, Jr., Lavern Logg, Virginia Logg, Katy Marshall Tynan, and the Cheyenne River Sioux Tribe, collectively identified as Plaintiff Group #12, and for their cause of action against the Defendant state:

43

Plaintiff Group #12 incorporates Paragraphs 1 through 9, inclusive, as if fully stated.

44

At all times pertinent, Plaintiff Group #12 had undivided ownership interests in certain lands over which a flowage easement has not been previously conveyed, but over which a flowage easement has now been taken without compensation.  All of the impacted lands are located in a tract of land commonly referred to as Range Unit No. 368, on the Cheyenne River Sioux Indian Reservation, Dewey County, South Dakota.  All of the land

- 20 -

impacted is legally described on Exhibit 12 attached to and incorporated in this Complaint by reference.

45

As a proximate result of the taking of the flowage easement over their lands, Plaintiff Group #12 has been damaged in excess of $183,600.00, the actual amount of damages to be proven at trial. The identity of the specific land over which the flowage easement has been taken will be proven at trial.

WHEREFORE, Plaintiff Group #12 prays for judgment against the Defendant for the actual amount proven at trial in excess of $183,600.00, with interest as allowed by law, their costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

Plaintiff Group #13
CLAIM OF CLARENCE LAWRENCE, CHARLOTTE LAWRENCE,
LESLIE LOGG, ADRIAN LOGG, JOSHUA LOGG, JR., LAVERN LOGG, VIRGINIA
LOGG, KATY MARSHALL TYNAN, BILLY COMBELLICK, DEL GRAVES, FRANK
TIN CUP, WILLIAM TIN CUP, DONALD WHITE DOG, BERNICE CHASING HAWK,
WENDY FISCHER, ANTOINE RENCOUNTRE, ESTATE OF MAYNARD WHITE
EAGLE, DARON WHITE EAGLE, KENNETH WHITE EAGLE, SAMUEL WHITE
EAGLE, AND THE CHEYENNE RIVER SIOUX TRIBE;

Comes now the Plaintiffs Clarence Lawrence, Charlotte Lawrence, Leslie Logg, Adrian Logg, Joshua Logg, Jr., Lavern Logg, Virginia Logg, Katy Marshall Tynan, Billy Combellick, Del Graves, Frank Tin Cup, William Tin Cup, Donald White Dog, Bernice Chasing Hawk, Wendy Fischer, Antoine Rencountre, Estate of Maynard White Eagle, Daron White Eagle, Kenneth White Eagle, Samuel White Eagle, and the Cheyenne River Sioux Tribe, collectively identified as Plaintiff Group #13, and for their cause of action against the Defendant state:

46

Plaintiff Group #13 incorporates Paragraphs 1 through 9, inclusive, as if fully stated.

- 21 -

47

At all times pertinent, Plaintiffs Clarence Lawrence and Charlotte Lawrence had an ownership interest in certain lands, and a leasehold interest in other lands, over which a flowage easement has not previously been conveyed, but over which a flowage easement has now been taken without compensation.  The remaining Plaintiffs in Group #13 own undivided interests in certain lands over which a flowage easement has not previously been conveyed, but over which a flowage easement has now been taken without compensation. All of these impacted lands are located in a tract of land commonly referred to as Range Unit No. 293 on the Cheyenne River Sioux Indian Reservation, Dewey County, South Dakota. All of the land impacted is legally described on Exhibit 13 attached to and incorporated in this Complaint by reference.

48

As a proximate result of the taking of the flowage easement over their lands, Plaintiff Group #13 has been damaged in excess of $510,280.00, the actual amount of damages to be proven at trial.  The identity of the specific land over which the flowage easement has been taken will be proven at trial.

WHEREFORE, Plaintiff Group #13 prays for judgment against the Defendant for the actual amount proven at trial in excess of $510,280.00, with interest as allowed by law, their costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

<u>Plaintiff Group #14</u>
CLAIM OF MARY JANE ANDERSON, DICK ANDERSON, LYLE ANDERSON, AND RITA BIRKELAND

Come now the Plaintiffs Mary Jane Anderson, Dick Anderson, Lyle Anderson and Rita Birkeland, collectively identified as Plaintiff Group #14, and for their cause of action against the Defendant state:

49

Plaintiff Group #14 incorporates Paragraphs 1 through 9, inclusive, as if fully stated.

50

At all times pertinent, Plaintiffs Mary Jane Anderson, Dick Anderson and Lyle Anderson had ownership interests in certain lands, and a leasehold interest in other lands, over which a flowage easement has not been previously conveyed, but over which a flowage easement has now been taken without compensation.  Plaintiff Rita Birkeland owns an undivided interest in certain lands over which a flowage easement has not previously been conveyed, but over which a flowage easement has now been taken without compensation. All of these impacted lands are located on fee and trust lands on the Cheyenne River Sioux Indian Reservation, Dewey County, South Dakota.  All of the land impacted is legally described on Exhibit 14 attached to and incorporated in this Complaint by reference.

51

As a proximate result of the taking of the flowage easement over their lands, Plaintiff Group #14 has been damaged in excess of $508,880.00, the actual amount of damages to be proven at trial.  The identity of the specific land over which the flowage easement has been taken will be proven at trial.

WHEREFORE, Plaintiff Group #14 prays for judgment against the Defendant for the actual amount proven at trial in excess of $508,880.00, with interest as allowed by law, their costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

<u>Plaintiff Group #15</u>
### CLAIM OF MARTY LAWRENCE AND MONICA LAWRENCE

Come now the Plaintiffs, Marty Lawrence and Monica Lawrence, collectively

identified as Plaintiff Group #15, and for their cause of action against the Defendant state:

52

Plaintiff Group #15 incorporates Paragraphs 1 through 9, inclusive, as if fully stated.

53

At all times pertinent, the Plaintiffs had an ownership interest in certain lands over

which a flowage easement has not been previously conveyed, but over which a flowage

easement has now been taken without compensation.  The land impacted is legally described

on Exhibit 15 attached to and incorporated in this Complaint by reference.  The number of

acres over which a flowage easement has been taken will be proven at trial.

54

As a proximate result of the taking of a flowage easement over their lands, Plaintiffs

have been damaged in excess of $482,200.00, the actual amount of damages to be proven at

trial.  The identity of the specific land over which the flowage easement has been taken will

be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against the Defendant for the actual

amount proven at trial in excess of $482,200.00, with interest as allowed by law, their costs

expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

<u>Plaintiff Group #16</u>
### CLAIM OF ROBERT LAWRENCE, JR. AND ALMEDA LAWRENCE

Comes now the Plaintiffs Robert Lawrence, Jr. and Almeda Lawrence, and for their

cause of action against the Defendant state:

- 24 -

55

Plaintiffs incorporate Paragraphs 1 through 9, inclusive, as if fully stated.

56

At all times pertinent, Plaintiffs Robert Lawrence, Jr. and Almeda Lawrence had an ownership interest in certain lands over which a flowage easement has not been previously conveyed, but over which a flowage easement has now been taken without compensation. All of these impacted lands are located in a tract of land commonly referred to as Range Unit No. 89, on the Cheyenne River Sioux Indian Reservation, Dewey County, South Dakota. All of the land impacted is legally described on Exhibit 16 attached to and incorporated in this Complaint by reference.

57

As a proximate result of the taking of the flowage easement over Plaintiffs' lands, Plaintiffs Robert Lawrence, Jr. and Almeda Lawrence have been damaged in excess of $570,240.00, the actual amount of damages to be proven at trial. The identity of the specific land over which the flowage easement has been taken will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against the Defendant for the actual amount proven at trial in excess of $570,240.00, with interest as allowed by law, their costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

### Plaintiff Group #17
### CLAIM OF COMMUNITY OF WHITE HORSE
### AND THE CHEYENNE RIVER SIOUX TRIBE

Come now the Plaintiffs Community of White Horse and the Cheyenne River Sioux Tribe, collectively identified as Plaintiff Group #17, and for their cause of action against the Defendant state:

- 25 -

58

Plaintiff Group #17 incorporates Paragraphs 1 through 9, inclusive, as if fully stated.

59

At all times pertinent, Plaintiffs had an undivided ownership interest in lands over which a flowage easement has not been previously conveyed, but over which a flowage easement has now been taken without compensation. The Plaintiff's impacted lands are legally described on Exhibit 17, attached to and incorporated in this Complaint by reference, and on the Cheyenne River Sioux Indian Reservation, Dewey County, South Dakota. The number of acres over which a flowage easement has been taken without compensation will be proven at trial.

60

As a proximate result of the taking of the flowage easement over Plaintiffs' lands, Plaintiffs have been damaged in excess of $45,900.00, the actual amount of damages to be proven at trial. The identity of the specific land over which the flowage easement has been taken will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against the Defendant for the actual amount proven at trial in excess of $45,900.00, with interest as allowed by law, their costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

<u>Plaintiff Group #18</u>
CLAIM OF ROBERT LAWRENCE, JR.,
JULIUS COOK, CAMILLE ROUSSEAU, CYRIL ROUSSEAU, GILBERT TRAVERSIE,
TERENCE TRAVERSIE, HILDA JEWETT, ESTATE OF AMELDA SCHREINER,
AND THE CHEYENNE RIVER SIOUX TRIBE

Come now the Plaintiffs Robert Lawrence, Jr., Julius Cook, Camille Rousseau, Cyril Rousseau, Gilbert Traversie, Terence Traversie, Hilda Jewett, Estate of Amelda Schreiner,

and the Cheyenne River Sioux Tribe, collectively identified as Plaintiff Group #18, and for their cause of action against the Defendant state:

61

Plaintiff Group #18 incorporates Paragraphs 1 through 9, inclusive, as if fully stated.

62

At all times pertinent, Plaintiff Robert Lawrence, Jr., had an ownership and a leasehold interest in certain lands over which a flowage easement has not previously been conveyed, but over which a flowage easement has now been taken without compensation. The remaining Plaintiffs in Group #18 own undivided interests in certain lands over which a flowage easement has not previously been conveyed, but over which a flowage easement has now been taken without compensation. All of these impacted lands are located in a tract of land commonly referred to as Range Unit No. 88 on the Cheyenne River Sioux Indian Reservation, Dewey County, South Dakota. All of the land impacted is legally described on Exhibit 18 attached to and incorporated in this Complaint by reference.

63

As a proximate result of the taking of the flowage easement over their lands, Plaintiff Group #18 has been damaged in excess of $895,840.00, the actual amount of damages to be proven at trial. The identity of the specific land over which the flowage easement has been taken will be proven at trial.

WHEREFORE, Plaintiff Group #18 prays for judgment against the Defendant for the actual amount proven at trial in excess of $895,840.00, with interest as allowed by law, their costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

Plaintiff Group #19
## CLAIM OF JULES LAMB AND MARNE LAMB

Come now the Plaintiffs, Jules Lamb and Marne Lamb, collectively identified as

Plaintiff Group #19, and for their cause of action against the Defendant state:

64

Plaintiffs incorporate Paragraphs 1 through 9, inclusive, as if fully stated.

65

At all times pertinent, the Plaintiffs had an ownership interest in certain lands over

which a flowage easement has not been previously conveyed, but over which a flowage

easement has now been taken without compensation.  The land impacted is legally described

on Exhibit 19 attached to and incorporated in this Complaint by reference.  The number of

acres over which a flowage easement has been taken will be proven at trial.

66

As a proximate result of the taking of a flowage easement over their lands, Plaintiffs

have been damaged in excess of $225,720.00, the actual amount of damages to be proven at

trial.  The identity of the specific land over which the flowage easement has been taken will

be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against the Defendant for the actual

amount proven at trial in excess of $225,720.00, with interest as allowed by law, their costs

expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A.  § 4654.

Plaintiff Group #20
## CLAIM OF DELBERT LAMB,
## JULES LAMB, MARNE LAMB, RAMONA WILLIAMS,
## AND THE CHEYENNE RIVER SIOUX TRIBE

Come now the Plaintiffs Delbert Lamb, Jules Lamb, Marne Lamb, Ramona Williams, and the Cheyenne River Sioux Tribe, collectively identified as Plaintiff Group #20, and for their cause of action against the Defendant state:

67

Plaintiff Group #20 incorporates Paragraphs 1 through 9, inclusive, as if fully stated.

68

At all times pertinent, Plaintiff Delbert Lamb had an ownership interest in certain lands, and a leasehold interest in other lands, over which a flowage easement has not previously been conveyed, but over which a flowage easement has now been taken without compensation. The remaining Plaintiffs in Group #20 own undivided interests in certain lands over which a flowage easement has not previously been conveyed, but over which a flowage easement has now been taken without compensation. All of these impacted lands are located in a tract of land commonly referred to as Range Unit No. 183 on the Cheyenne River Sioux Indian Reservation, Dewey County, South Dakota. All of the land impacted is legally described on Exhibit 20 attached to and incorporated in this Complaint by reference.

69

As a proximate result of the taking of the flowage easement over their lands, Plaintiff Group #20 has been damaged in excess of $48,600.00, the actual amount of damages to be proven at trial. The identity of the specific land over which the flowage easement has been taken will be proven at trial.

WHEREFORE, Plaintiff Group #20 prays for judgment against the Defendant for the actual amount proven at trial in excess of $48,600.00, with interest as allowed by law, their costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

## AGGREGATE OF THE JUDGMENTS DEMANDED

WHEREFORE, Plaintiffs, in the aggregate, pray for Judgment against the Defendant for the amount of damage actually proven at trial in excess of $8,691,980.00 together with interest as allowed by law, their costs expended, and a reasonable attorneys' fee pursuant to 42 U.S.C.A. § 4654.

Dated this 17th day of March, 2003.

_Tracey Fischer_
Tracey Fischer
13366 Tilford Road
Piedmont, SD  57769
Ph: (605) 347-2193
Fax: (605) 347-2194

and

BROST LAW FIRM
Frank D. Brost
23674 Dogleg Drive
Rapid City, SD  57702
Ph: (605) 343-0567
Fax: (605) 737-0256 (fax)
ATTORNEYS FOR PLAINTIFFS

<u>EXHIBIT 1</u>

LEGAL DESCRIPTION OF LAND INTERESTS OWNED BY THE CHEYENNE RIVER
SIOUX TRIBE AND INCLUDED IN CLAIM OF PLAINTIFF #1

All in Dewey County, South Dakota:

| <u>Township/Range</u> | <u>Legal Description</u> |
|---|---|
| 15N - 26E | Section 13 - NENE, SWNE, SENE, SENW, NESW, NWSW, SWSW, SESW, NESE, NWSE, SWSE, SESE |
| 15N - 26E | Section 24 - NE, EENW |
| 15N - 27E | Section 19 - Lot 1, Lot 2, Lot 3, NENW, SENW, NESW |

<u>EXHIBIT 2</u>

LEGAL DESCRIPTION OF LAND INTERESTS OWNED BY THE CHEYENNE RIVER
HOUSING AUTHORITY AND INCLUDED IN CLAIM OF PLAINTIFF #2

All in Dewey County, South Dakota:

| Township/Range | Legal Description |
| --- | --- |
| 16N – 29E | Section 20 - 5 acres within NENWSE |
| 16N – 28E | Section 23 – 5 acres within WNESENW |
| 16N – 28E | Section 22 – 5 acres within NNENESW |
| 16N – 28E | Section 29 – 5 acres within NNESWSW |
| 16N – 28E | Section 31 – 5 acres within NSSESENE, SNSESENE |
| 16N – 28E | Section 32 – 5 acres within WWNW |
| 15N – 28E | Section 6 - 5 acres within WWSESENE, EESWSENE |
| 15N – 28E | Section 6 – 5 acres within WESESENE, EWSESENE |
| 15N – 27E | Section 1 – 5 acres within SNWNWSE |
| 15N – 27E | Section 9 – 5 acres within NNENESW |
| 15N – 27E | Section 2 – 5 acres within NSWNWSE |
| 15N – 26E | Section 11 – E |
| 15N – 26E | Section 22 – 5 acres within NWNWNESE |

EXHIBIT 3

LEGAL DESCRIPTION OF LAND INTERESTS OWNED BY
TERRY DUCHENEAUX, ROBERT DUCHENEAUX,
NELLIE HOLLENBECK, AND EDWINA MOWRER
AND INCLUDED IN PLAINTIFF GROUP #3

All in Dewey County, South Dakota:

| Township/Range | Legal Description |
| --- | --- |
| 16N - 29E | Section 19 - SWSE, ENWSE, SWNESE, WSESE |
| 16N - 29E | Section 30 - NE |

EXHIBIT 4

LEGAL DESCRIPTION OF LAND INTERESTS OWNED BY
ERNEST DUCHENEAUX
AND INCLUDED IN PLAINTIFF # 4 CLAIM

All in Dewey County, South Dakota:

Township/Range        Legal Description

16N - 29E             Section 29 - SW, SWNW, SENW

EXHIBIT 5

LEGAL DESCRIPTION OF LAND INTERESTS OWNED BY
ARLYN LAWRENCE AND THE CHEYENNE RIVER SIOUX TRIBE
AND INCLUDED IN PLAINTIFF GROUP #5

All in Dewey County, South Dakota:

| Township/Range | Legal Description |
| --- | --- |
| 16N – 29E | Section 7 – SW, ENESE, NSWNESE, NWNESE, NESESE, NWSE, SWSE, SESENE |
| 16N – 29E | Section 18 – NWNE |

EXHIBIT 6

### LEGAL DESCRIPTION OF LAND INTERESTS OWNED BY
### WILLIAM GILBERT, FRANCES JEWETT,
### AND THE CHEYENNE RIVER SIOUX TRIBE
### AND INCLUDED IN PLAINTIFF GROUP #6

All in Dewey County, South Dakota:

| Township/Range | Legal Description |
|---|---|
| 16N - 28E | Section 24 - SSESW, SSWSE, WSWSW, SESWSW |
| 16N - 29E | Section 18 - Lot 5, Lot 6, SENW, NESW |
| 16N - 29E | Section 19 - Lot 4 |

EXHIBIT 7

LEGAL DESCRIPTION OF LAND INTERESTS OWNED BY GREGG MOWRER,
EDWINA MOWRER, EARL BIEBER, JANET BIEBER, CONNIE EDELMAN, MONICA
HAMPSON, LAVINA PHILLIPS, PRESTON PHILLIPS, ESTATE OF MELVIN JEWETT,
ROSALYN ARPAN, LEE BORDEAUX, KIMBERLY FIDDLER, BILLIE GARREAU,
CONSTANCE GARREAU, LORI GARREAU, DELORES HIGH PINE, AMY LEE,
ESTATE OF BRYAN LEE, FRANCIS LEE, IONE LEE, RONALD LEE, SHARON LEE,
STEVEN LEE, TONI LEE, TRACY LEE, VELMA LEE, LUCILLE FRENIER,
AND THE CHEYENNE RIVER SIOUX TRIBE
AND INCLUDED IN PLAINTIFF GROUP #7

All in Dewey County, South Dakota:

| Township/Range | Legal Description |
| --- | --- |
| 16N - 28E | Section 21 – NWSE, SENW, SWNE, SESE, SWSE |
| 16N - 28E | Section 22 - SSWNE, SENE, SSNW, NESW, NWSW, SWSW, SESW, WSWSE, NWSE, ESESE |
| 16N - 28E | Section 23 - SESW, SWSE, SWSW, NESW, WNWSE, SESE |
| 16N - 28E | Section 27 – NENW, NNE |
| 16N - 28E | Section 28 - NWSW |

EXHIBIT 8


LEGAL DESCRIPTION OF LAND INTERESTS OWNED BY
SHARON SMITH AND GLORIA SMITH
AND INCLUDED IN PLAINTIFF GROUP # 8

All in Dewey County, South Dakota:

| Township/Range | Legal Description |
|---|---|
| 16N - 28E | Section 32 - ENW |

EXHIBIT 9


LEGAL DESCRIPTION OF LAND INTERESTS OWNED BY
CLIFFORD MARSHALL, JR., PATRICIA MARSHALL, GLORIA SMITH, SHARON
SMITH, KHE'SAPA WIN APPLE, GREGG MOWRER, ESTATE OF GILBERT
SHOULDER, DARLENE TAKES THE KNIFE, GERTRUDE TRAVERSIE, ESTATE OF
PAUL TRAVERSIE, RICHARD TRAVERSIE, JR., VIRGINIA TRAVERSIE, MAVIS
HANDBOY, HERBERT LAVAUX, MONA LONGBRAKE, MOSES TRAVERSIE,
ESTATE OF CHARLES FIDDLER, ESTATE OF EMERY FIDDLER, ESTATE OF
JOSEPH FIDDLER, ESTATE OF LEONARD FIDDLER, DELWIN FIDDLER,
AND THE CHEYENNE RIVER SIOUX TRIBE
AND INCLUDED IN PLAINTIFF GROUP #9

All in Dewey County, South Dakota:

| Township/Range | Legal Description |
| --- | --- |
| 16N - 28E | Section 21 -- EESW, WWSENW |
| 16N - 28E | Section 28 - NENW, NWNW, SWNW, SENW, SWSW |
| 16N - 28E | Section 29 - NSWSE, NESE, NWSE, SESE, SWSWSE |
| 16N - 28E | Section 32 - ESW, SSENW, NNNE, SWSE |

EXHIBIT 10


LEGAL DESCRIPTION OF LAND INTERESTS OWNED BY
ROBERT SMITH, VIVIAN SMITH, FARRELL SMITH, THOMAS SMITH, ESTATE OF
ALICE CHASING HAWK, BERNICE CHASING HAWK, JERRY CHASING HAWK,
LYLE CHASING HAWK, EVETTE CHASING HAWK, EVONNE CHASING HAWK,
FABIAN CHASING HAWK, PAULETTE CHASING HAWK, JOSEPH OAKIE, ESTATE
OF CHARLES FIDDLER, ESTATE OF EMERY FIDDLER, ESTATE OF JOSEPH
FIDDLER, ESTATE OF LEONARD FIDDLER, DELWIN FIDDLER, FRANCIS
TRAVERSIE, AND THE CHEYENNE RIVER SIOUX TRIBE
AND INCLUDED IN PLAINTIFF GROUP #10

All in Dewey County, South Dakota:

| Township/Range | Legal Description |
|---|---|
| 15N - 27E | Section 1 - NSW, NSESW, ESESESW, SSNESE |
| 15N - 28E | Section 5 - Lot 1, Lot 2, N Lot 3, N Lot 4, SWNE, SENE, NESW, NWSW, SWSW, SESW, SNNW, SWNW, SENW |
| 15N - 28E | Section 6 - Lot 1, Lot 2, Lot 7, SWNE, SENE, SESW, NESW, NESE, NWSE, SWSE, SESE |

EXHIBIT 11

LEGAL DESCRIPTION OF LAND INTERESTS OWNED BY
FRANCIS TRAVERSIE
AND INCLUDED IN PLAINTIFF #11 CLAIM

All in Dewey County, South Dakota:

Township/Range     Legal Description

15N - 28E          Section 7 - Lot 1, Lot 2, EWNE, NENE, WWNE, SENW

EXHIBIT 12

LEGAL DESCRIPTION OF LAND INTERESTS OWNED BY
LESLIE LOGG, ADRIAN LOGG, JOSHUA LOGG, JR., LAVERN LOGG, VIRGINA
LOGG, KATY MARSHALL TYNAN, AND THE CHEYENNE RIVER SIOUX TRIBE
AND INCLUDED IN PLAINTIFF GROUP #12

All in Dewey County, South Dakota:

| Township/Range | Legal Description |
| --- | --- |
| 15N - 27E | Section 1 – SESE, SWSE, SWSW, SWSESW, WSESESW |
| 15N - 27E | Section 11 - NENE, SENE |
| 15N - 27E | Section 12 - NENENE |

<u>EXHIBIT 13</u>

LEGAL DESCRIPTION OF LAND INTERESTS OWNED BY
CLARENCE LAWRENCE, CHARLOTTE LAWRENCE, LESLIE LOGG, ADRIAN
LOGG, JOSHUA LOGG, JR., LAVERN LOGG, VIRGINIA LOGG, KATY MARSHALL
TYNAN, BILLY COMBELLICK, DEL GRAVES, FRANK TIN CUP, WILLIAM TIN
CUP, DONALD WHITE DOG, BERNICE CHASING HAWK, WENDY FISCHER,
ANTOINE RENCOUNTRE, ESTATE OF MAYNARD WHITE EAGLE, DARON WHITE
EAGLE, KENNETH WHITE EAGLE, SAMUEL WHITE EAGLE, AND THE
CHEYENNE RIVER SIOUX TRIBE;
AND INCLUDED IN PLAINTIFF GROUP #13

All in Dewey County, South Dakota:

| <u>Township/Range</u> | <u>Legal Description</u> |
|---|---|
| 15N - 27E | Section 11 – EWNE, WWNE, NENW, SENW, NNWNW, NWSW, WNESW |
| 15N - 27E | Section 15 – ENWNW, WNWNW, SWNW |
| 15N - 27E | Section 16 - NNE |

EXHIBIT 14

LEGAL DESCRIPTION OF LAND INTERESTS OWNED BY
MARY JANE ANDERSON, DICK ANDERSON,
LYLE ANDERSON AND RITA BIRKELAND
AND INCLUDED IN PLAINTIFF GROUP #11

All in Dewey County, South Dakota:

| Township/Range | Legal Description |
| --- | --- |
| 15N – 26E | Section 11 – NWSESE, SWSE, SSESE, NESESE |
| 15N - 26E | Section 13 - SSNWNW, SWNW |
| 15N - 26E | Section 14 - NE, SE |
| 15N - 27E | Section 10 – NENESE, NENE, SENE |
| 15N - 27E | Section 11 – SNWNW, SWNW |

EXHIBIT 15


LEGAL DESCRIPTION OF LAND INTERESTS OWNED BY
MARTY LAWRENCE AND MONICA LAWRENCE
AND INCLUDED IN PLAINTIFF GROUP #15

All in Dewey County, South Dakota:

| Township/Range | Legal Description |
| --- | --- |
| 15N - 27E | Section 9 – SSE |
| 15N - 27E | Section 10 - SWNE, SW |

<u>EXHIBIT 16</u>

LEGAL DESCRIPTION OF LAND INTERESTS OWNED BY
ROBERT LAWRENCE, JR. AND ALMEDA LAWRENCE
AND INCLUDED IN PLAINTIFF GROUP #16

All in Dewey County, South Dakota:

| <u>Township/Range</u> | <u>Legal Description</u> |
|---|---|
| 15N - 27E | Section 8 – SESE, SESWSE |
| 15N - 27E | Section 16 – ENW, NNSW |
| 15N - 27E | Section 17 – NENE, NESE, SESE, SENE, WNE, WSE |
| 15N - 27E | Section 18 - Lot 2, Lot 3, Lot 4, SESW, NWSE, SWSE |

EXHIBIT 19

LEGAL DESCRIPTION OF LAND INTERESTS OWNED BY
JULES LAMB AND MARNE LAMB
AND INCLUDED IN PLAINTIFF GROUP #19

All in Dewey County, South Dakota:

| Township/Range | Legal Description |
| --- | --- |
| 15N - 26E | Section 10 – SESE, ESWSE |
| 15N - 26E | Section 14 – WNWNW, SSWNW, WSW |
| 15N – 26E | Section 23 – NWSW, SWNW |
| 15N - 27E | Section 20 - NW |

EXHIBIT 20

LEGAL DESCRIPTION OF LAND INTERESTS OWNED BY
DELBERT LAMB, JULES LAMB, MARNE LAMB, RAMONA WILLIAMS,
AND THE CHEYENNE RIVER SIOUX TRIBE
AND INCLUDED IN PLAINTIFF GROUP #20

All in Dewey County, South Dakota:

| Township/Range | Legal Description |
| --- | --- |
| 15N - 26E | Section 14 - NENW, NSENW, NESWNW, ENWNW |